

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JAMES PRESTON POWELL, JR., § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 4:12-02085-MGL | |
| § | | |
| CAROLYN W. COLVIN, § | | |
| Acting Commissioner of Social Security § | | |
| Administration, § | | |
| Defendant. § | | |

MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S AMENDED MOTION FOR ATTORNEY'S FEES

Pending before the Court is Plaintiff's Amended Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). ECF No. 47. Under Plaintiff's Amended Motion, his counsel seeks an award of attorney's fees in the amount of $33,130.73, to be paid from the past-due Social Security benefits payable on this claim. This amount represents twenty-five percent of the total back due benefits payable to Plaintiff. Defendant filed her response in opposition to the motion, arguing this amount constitutes an improper "windfall," ECF No. 48, to which Plaintiff's counsel filed a reply, ECF No. 50.

Section 406(b) provides whenever a court renders favorable judgment for a claimant, "the court may determine and allow as part of its judgment a reasonable fee" for counsel's representation. 42 U.S.C. § 406(b)(1)(A). However, the "reasonable fee is not to exceed twenty-five percent 'of the total of the past-due benefits to which the claimant is entitled by reason of [the] judgment,' and the

fee is payable 'out of, and not in addition to, the amount of such past-due benefits.'" *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005) (quoting 42 U.S.C. § 406(b)(1)(A)).

In considering the reasonableness of requested fees, the United States Supreme Court has noted a reduction of the contingent fee may be warranted "based on the character of the representation and the results . . . achieved," if counsel caused delay in the case resulting in the accumulation of past-due benefits, or "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). However, "an excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable." *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).

Courts have considered a myriad of factors in determining whether a fee constitutes an unearned windfall, such as the overall complexity of the case, the experience of the attorney, the risk of loss involved in the representation, the percentage of the past-due benefits the fee constitutes, the value of the case to a claimant, and whether the client consents to the requested fee. *See, e.g.*, *Jeter*, 622 F.3d at 382; *Mudd*, 418 F.3d at 428.

Based upon the Court's careful review of Plaintiff's motion, and having considered the factors discussed above, which Plaintiff's counsel extensively briefs in her motion and reply, the Court holds an award of $33,130.73 is reasonable. Plaintiff's counsel possesses considerable experience in the area of Social Security appeals and regularly appears before the bench in these matters. Plaintiff's counsel obtained a favorable result for her client in this matter in an efficient and effective manner, expending approximately 16.3 hours at the federal court level. There is no indication of any unreasonable delay by Plaintiff's counsel. Additionally, Plaintiff signed a contingency fee agreement with counsel at a twenty-five percent rate.

Further, in light of Plaintiff's counsel's extensive experience in Social Security cases and the risk associated in contingent matters, an hourly rate of $2,032.56 does not appear to be excessive. *See, e.g.*, *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving a contingency fee with an hourly rate of $1,433.12); *Duvall v. Colvin*, C/A No. 5:11-577-RMG, 2013 WL 5506081 (D.S.C. Sept. 30, 2013) (approving a full twenty-five percent contingency fee with an hourly rate of $972.00); *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving a full twenty-five percent contingency fee with an hourly rate of $1,043.92). This amount is calculated based on the requested fee of $33,130.73 divided by the 16.3 hours expended at the federal court level, and does not include the additional hours expended by counsel at the administrative level. *See Mudd*, 418 F.3d at 428 (holding the district court's consideration of the time spent and work performed by counsel at the administrative level as one factor in its reasonableness determination was proper).

Plaintiff's counsel has provided an affidavit and time sheet indicating she spent 32.8 hours on Plaintiff's behalf at the administrative level. ECF Nos. 54, 54-1. By including the hours spent at the administrative level in the calculation, Plaintiff's counsel devoted 49.1 total hours to Plaintiff's case, and the hourly rate is therefore $674.76 under that calculation.

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Plaintiff's Amended Motion for Attorney's Fees is **GRANTED** and Plaintiff's counsel is awarded $33,130.73. Upon receipt of this award, Plaintiff's counsel is directed to reimburse to Plaintiff the sum of $2,500.00, which was previously awarded under the Equal Access to Justice Act.

In light of the Court's decision above, Plaintiff's initial Motion for Attorney's Fees under § 406(b), ECF No. 41, is **RENDERED MOOT**.

**IT IS SO ORDERED**.

Signed this 11th day of January, 2017, in Columbia, South Carolina.

                                             s/ Mary Geiger Lewis
                                             MARY GEIGER LEWIS
                                             UNITED STATES DISTRICT JUDGE